1

2

3

4              UNITED STATES DISTRICT COURT

5              NORTHERN DISTRICT OF CALIFORNIA

6

7   EUGENE SAMUEL HALL,                        Case No.  21-cv-00103-RMI

8            Plaintiff,

9        v.                                    **ORDER OF DISMISSAL WITH LEAVE
                                                TO AMEND**
10  K. ALLISON, et al.,

11           Defendants.

12

13         Plaintiff, a state prisoner, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

14  He has been granted leave to proceed *in forma pauperis* and he has consented to the jurisdiction of

15  a magistrate judge.

16                                      **DISCUSSION**

17  **Standard of Review**

18         Federal courts must engage in a preliminary screening of cases in which prisoners seek

19  redress from a governmental entity or officer, or from an employee of a governmental entity. *See*

20  28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss

21  any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

22  or those which seek monetary relief from a defendant who is immune from such relief. *Id.* at

23  1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*,

24  901 F.2d 696, 699 (9th Cir. 1990).

25         Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the

26  claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement

27  need only give the defendant fair notice of the nature of the claim, and the grounds upon which it

28  rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). While a complaint "does not need detailed

United States District Court
Northern District of California

1    factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

2    relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

3    cause of action will not do . . . [instead, the] [f]actual allegations must be enough to raise a right to

4    relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

5    (citations omitted). A complaint, therefore, must proffer "enough facts to state a claim to relief that

6    is plausible on its face." *Id*. at 570. The Supreme Court has explained the "plausible on its face"

7    standard of *Twombly* as such: "[w]hile legal conclusions can provide the framework of a

8    complaint, they must be supported by factual allegations. When there are well-pleaded factual

9    allegations, a court should assume their veracity and then determine whether they plausibly give

10   rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

11          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

12   that a right secured by the Constitution or laws of the United States was violated, and (2) that the

13   alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*,

14   487 U.S. 42, 48 (1988).

15          **Legal Claims**

16          Plaintiff presents numerous allegations regarding conditions at San Quentin State Prison

17   ("SQSP") with respect to the COVID-19 pandemic.[1]

18          The Constitution does not mandate comfortable prisons, but neither does it permit

19   inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner

20   receives in prison and the conditions under which he is confined are subject to scrutiny under the

21   Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Amendment imposes

22   duties on these officials, who must provide all prisoners with the basic necessities of life such as

23   food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832;

24   *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989).

25          A prison official violates the Eighth Amendment when two requirements are met: (1) the

26

27   [1] Plaintiff's complaint is virtually identical to many other complaints received by the Court. *See e.g.*, *Amos v. Allison*, Case No. 20-cv-8512-HSG; *Robledo, v. Allison*, Case No. 20-cv-9134-WHO; *Dennings v. Allison*, Case No. 21-cv-0828-RMI.

28

United States District Court
Northern District of California

2

1    deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing

2    *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently

3    culpable state of mind, *id*. (citing *Wilson*, 501 U.S. at 297).

4          Deliberate indifference to serious medical needs violates the Eighth Amendment's

5    proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976);

6    *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX*

7    *Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). A determination of a

8    "deliberate indifference" claim involves an examination of two elements: the seriousness of the

9    prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

10         A serious medical need exists if the failure to treat a prisoner's condition could result in

11   further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of

12   an injury that a reasonable doctor or patient would find important and worthy of comment or

13   treatment, the presence of a medical condition that significantly affects an individual's daily

14   activities, or the existence of chronic and substantial pain are examples of indications that a

15   prisoner has a serious need for medical treatment. *Id.* at 1059-60.

16         A prison official is deliberately indifferent if he or she knows that a prisoner faces a

17   substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate

18   it. *Farmer* at 837. The prison official must not only "be aware of facts from which the inference

19   could be drawn that a substantial risk of serious harm exists," but "must also draw the inference."

20   *Id.* If a prison official should have been aware of the risk, but did not actually know, the official

21   has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of*

22   *Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient

23   and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin*

24   *v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). In addition, a "mere delay of surgery, without

25   more, is insufficient to state a claim of deliberate medical indifference . . . [and] [a prisoner] would

26   have no claim for deliberate medical indifference unless the denial was harmful." *Shapely v.*

27   *Nevada Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

28

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    Exercise is one of the basic human necessities protected by the Eighth Amendment. *See*

2    *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993); *Toussaint v. Rushen*, 553 F. Supp. 1365,

3    1380 (N.D. Cal. 1983), *aff'd in part and vacated in part*, 722 F.2d 1490 (9th Cir. 1984).  Some

4    form of regular exercise, including outdoor exercise, "is extremely important to the psychological

5    and physical well-being" of prisoners. *See Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979).

6    Prison officials therefore may not deprive prisoners of regular exercise. *See Toussaint v.*

7    *McCarthy*, 597 F. Supp. 1388, 1393 (N.D. Cal. 1984).  Although the Ninth Circuit did not specify

8    the "minimum amount of weekly exercise that must be afforded to detainees who spend the bulk

9    of their time inside their cells," the court held that ninety minutes per week of exercise, which is

10   the equivalent of slightly less than thirteen minutes a day, does not comport with Eighth

11   Amendment standards. *Pierce v. County of Orange*, 526 F.3d 1190, 1212 (9th. Cir. 2008).

12   In a § 1983 or a *Bivens* action – where employers and supervisors are not made to

13   automatically answer for the torts of their employees and subordinates – the term 'supervisory

14   liability' is a misnomer. Absent vicarious liability, each government official, his or her title

15   notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677 (finding

16   under *Twombly*, 550 U.S. at 544, and Rule 8 of the Federal Rules of Civil Procedure, that

17   complainant-detainee in a *Bivens* action failed to plead sufficient facts "plausibly showing" that

18   top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of

19   high interest' because of their race, religion, or national origin" over more likely and non-

20   discriminatory explanations).

21   A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in

22   the constitutional deprivation or (2) a sufficient causal connection between the supervisor's

23   wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04

24   (9th Cir. 2012). Even if a supervisory official is not directly involved in the allegedly

25   unconstitutional conduct, "[a] supervisor can be liable in this individual capacity for his own

26   culpable action or inaction in the training, supervision, or control of his subordinates; for his

27   acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous

28   indifference to the rights of others." *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation

United States District Court
Northern District of California

1    omitted). The claim that a supervisory official "knew of unconstitutional conditions and 'culpable

2    actions of his subordinates' but failed to act amounts to 'acquiescence in the unconstitutional

3    conduct of his subordinates' and is 'sufficient to state a claim of supervisory liability.'" *Keates v.*

4    *Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (quoting *Starr*, 652 F.3d at 1208) (finding that

5    conclusory allegations that supervisor promulgated unconstitutional procedures which authorized

6    unconstitutional conduct of subordinates do not suffice to state a claim of supervisory liability).

7         Plaintiff names 18 defendants in the complaint and raises many claims regarding COVID-

8    19 and other unrelated issues. However, with respect to many of the claims, Plaintiff only presents

9    conclusory allegations with little support and fails to identify the actions of specific defendants.

10   Simply stating that there was little social distancing or hand sanitizer without more is insufficient

11   to state a claim. Accordingly, the complaint will be dismissed with leave to amend to provide

12   more information with respect to specific claims. He must also identify the actions of each

13   defendant and describe how they violated his constitutional rights. While this complaint was a

14   duplicate of other complaints (as mentioned above), Plaintiff must describe how the specific

15   allegations and actions of defendants apply to him. In addition, Plaintiff should only include

16   related claims against specific defendants in this action.

17        Pursuant to Fed. R. Civ. P. 8(a)(2), a plaintiff must provide "a short and plain statement of

18   the claim showing that the pleader is entitled to relief . . ."  Rule 8 requires "sufficient allegations

19   to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795,

20   798 (9th Cir. 1991); *see also Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir.

21   1995) (amended complaint with vague and scanty allegations fails to satisfy the notice

22   requirement of Rule 8). "The propriety of dismissal for failure to comply with Rule 8 does not

23   depend on whether the complaint is wholly without merit," *McHenry v. Renne*, 84 F.3d 1172,

24   1179 (9th Cir.1996).

25        Moreover, "multiple claims against a single party are fine, but Claim A against Defendant

26   1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d

27   605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits,"

28   not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but

1   also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act

2   limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment

3   of required fees." *Id.* (citing 28 U.S.C. § 1915(g)).

4         Plaintiff's complaint in this action illustrates the "unfair burdens" imposed by complaints,

5   "prolix in evidentiary detail, yet without simplicity, conciseness and clarity" which "fail to

6   perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1179-80.

7         Plaintiff states that in March 2020, the warden and chief medical officer were asked why

8   masks were not being worn. He states that a correctional captain was asked why there was little

9   social distancing when inmates gathered for medication to be dispensed or while eating. He states

10   that several large fans were brought in to increase ventilation, but they could have spread the virus.

11   He also states that there was an insufficient amount of hand sanitizer. Plaintiff states that other

12   prisoners raised these issues; however, he does not discuss the actions that individual defendants

13   took or how the actions were deliberately indifferent. While Plaintiff has presented serious

14   allegations, he must provide more information regarding the culpability of defendants. Bare

15   allegations that a defendant had been asked about masks and then no additional information, are

16   insufficient.

17         Plaintiff describes how on May 30, 2020, 121 inmates from another prison were

18   transferred to SQSP, without proper COVID-19 testing, and that an outbreak occurred at SQSP.

19   Plaintiff states he began to suffer serious COVID-19 symptoms on July 7, 2020. While this is

20   sufficient to state a claim, Plaintiff must provide more information how each of the ten defendants

21   he names as responsible were involved. For example, Plaintiff states that Governor Newsom was

22   made aware and the federal receiver should have been more involved. He must present additional

23   allegations to state a plausible claim for relief for the defendants.

24         Plaintiff also states that medical and dental care was stopped from March 17, 2020, to

25   November 1, 2020.  However, he fails to describe what medical or dental care he required that

26   could not be addressed and how the denial of medical care violated the Eighth Amendment.

27   Plaintiff also states that toilets on the yard were removed and many inmates had to relieve

28   themselves or defecate on the ground or in garbage cans.  Plaintiff also states how he has been

United States District Court
Northern District of California

6

1    denied outdoor exercise for many months. If Plaintiff wishes to pursue these claims in this case, he

2    must provide more information and describe how they relate to his other COVID-19 claims and

3    why they do not belong in a separate action.

**CONCLUSION**

4

5    1.   The complaint is **DISMISSED** with leave to amend in accordance with the standards

6    set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date

7    this order is served and must include the caption and civil case number used in this order, and it

8    must be entitled with the words, "AMENDED COMPLAINT," on the first page. Because an

9    amended complaint completely replaces the original complaint, Plaintiff must include in it all the

10   claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may

11   not incorporate material from the original complaint by reference. Failure to amend within the

12   designated time may result in the dismissal of this case.

13   2.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court

14   informed of any change of address by filing a separate paper with the clerk entitled, "Notice of

15   Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so

16   may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

17   Procedure 41(b).

18   **IT IS SO ORDERED.**

19   Dated: February 24, 2021

20

21   _____

22   ROBERT M. ILLMAN
     United States Magistrate Judge

23

24

25

26

27

28

United States District Court
Northern District of California

7
