# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

EUGENE SAMUEL HALL,

Plaintiff,

v.

K. ALLISON, et al.,

Defendants.

Case No. 21-cv-00103-RMI

**ORDER OF SERVICE**

Plaintiff, a state prisoner, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The complaint was dismissed with leave to amend and Plaintiff has filed an amended complaint.

## LEGAL STANDARDS

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do . . . [f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly* as such: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

Plaintiff presents numerous allegations regarding conditions at San Quentin State Prison ("SQSP") with respect to the COVID-19 pandemic.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Amendment imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *See Farmer*, 511 U.S. at 832; *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199-200 (1989).

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, *id*. (citing *Wilson*, 501 U.S. at 297).

Plaintiff alleges that Defendants, various prison officials and the federal receiver for prison medical care in California, transferred more than 100 inmates from the California Institution for Men to SQSP without proper COVID-19 testing and other safety precautions which led to an outbreak of COVID-19 at SQSP.[1] He contends that Defendants at SQSP failed to isolate the incoming inmates or provide personal protective equipment and placed inmates in close living quarters without proper ventilation. Plaintiff incurred numerous severe COVID-19 symptoms and continues to suffer adverse effects. Liberally construed, this presents an Eighth Amendment claim against Defendants. Additionally, in his amended complaint, Plaintiff has voluntarily dismissed several other claims and Defendants from the original complaint that were discussed in the Court's prior screening order. Pursuant to Federal Rule of Civil Procedure 21, they are no longer part of this action.

**CONCLUSION**

The Court orders service on Defendants through the United States Marshal and electronically as follows:

The clerk shall **ISSUE** a summons and the United States Marshal shall serve, without prepayment of fees, copies of the operative amended complaint (Docket No. 10) with attachments, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form and copies of this Order on Defendant Clark Kelso, Federal Receiver, California Prison Medical Care at the law firm of Futterman, Dupree, Dodd, Croley and Maier, 601 Montgomery Street, Suite 333, San Francisco, CA 94111.

---

[1] In *Plata v. Newsom*, No. C 01-1351 JST, a receiver was appointed to oversee the delivery of medical care to prisoners incarcerated by the California Department of Corrections and Rehabilitation. Under 28 U.S.C. § 959, "[t]rustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property." It is not necessary for a plaintiff to obtain permission from the court that appointed the receiver to sue the receiver outside of the appointing court – at least for his operation of the estate in receivership. *See Medical Dev. Int'l v. California Dep't of Corr. and Rehab.*, 585 F.3d 1211, 1213 (9th Cir. 2009) (Eastern District erred when it dismissed contract action against *Plata* receiver for lack of jurisdiction due to plaintiff's failure to obtain permission to sue from the Northern District judge who appointed receiver).

The remaining Defendants shall be served **ELECTRONICALLY**. At the California Department of Corrections and Rehabilitations headquarters: Kathleen Allison, Ralph Diaz, Ron Davis, Dr. R. Steven Tharratt and Dr. Joseph Bick. At San Quentin State Prison: Ron Broomfield, Dr. A. Pachynski and Clarence Cryer. At California Institute for Men: Dr. L. Escobell and Dean Borders.

Service on the listed Defendants shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service pilot program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative amended complaint (Docket No. 10), this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons. The clerk shall serve by mail a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which Defendants listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendants decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form to the California Attorney General's Office, which, within 21 days, shall file with the Court a waiver of service of process for the Defendants who are waiving service and, within 28 days thereafter, shall file a magistrate judge jurisdiction consent or declination to consent form as to the defendants who waived service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each Defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 form and copies of this order, summons, operative complaint and notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form for

4

service upon each Defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

In order to expedite the resolution of this case, the Court orders as follows:

No later than **sixty days** from the date of service, Defendants shall file their motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by such a motion, they shall so inform the Court prior to the date that the such motion is due. Moreover, all papers filed with the Court shall be promptly served on Plaintiff.

At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (*en banc*), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003); *see Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (finding that *Rand* and *Wyatt* notices must be given at the time motions for summary judgment or motion to dismiss for non-exhaustion are filed, not earlier); *Rand*, 154 F.3d at 960 (establishing the separate paper requirement).

Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **thirty days** from the date the motion is served upon him. Additionally, Plaintiff must read the attached page headed "NOTICE – WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-954, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If Defendants file a motion for summary judgment claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take note of the attached page headed "NOTICE – WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt*, 315 F.3d at 1120 n. 4.

If Defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date. All

communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel, if and when counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

Finally, it is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: May 6, 2021

_____
ROBERT M. ILLMAN
United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.